**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KATHLEEN E. HEGAN, SB# 104522
  E-Mail: Kathleen.Hegen@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104
Telephone: 415.438.6656
Facsimile: 415.434.0882

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PERRY M. SHORRIS (admitted *pro hac vice*)
  E-Mail:  Perry.Shorris@lewisbrisbois.com
550 West Adams Street, Suite 300
Chicago, IL. 60661
Telephone:  312.345.1718
Facsimile:   312.345.1778

Attorneys for Plaintiff
HANOVER INSURANCE COMPANY

**MEREDITH, WEINSTEIN & NUMBERS, LLP**
Barron L. Weinstein (Bar No. 067972)
bweinstein@mcncov.com
Shanti Eagle (Bar No. 267704)
seagle@mwncov.com
115 Ward Street
Larkspur, CA. 94939
Telephone:  415.927.6920
Facsimile:   415.927.6929

Attorneys for Defendants
PAUL M. ZAGARIS, INC., JON PAUL ZAGARIS,
KARRIE GOOLD, DANIELLE HARDCASTLE,
ESTHER GUTIERREZ, FRED OSHTORY,
and MICHAEL P. DUTRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hanover Insurance Company,<br><br>          Plaintiff,<br><br>     vs.<br><br>Paul M. Zagaris, Inc., et al.,,<br><br>          Defendants. | CASE NO. 3:16-cv-01099-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action have met and conferred as required

4810-5271-9154.1

1

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:16-CV-01099-WHA

under the Civil Local Rules and FRCP Rule 26(f), and submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

Hanover contends that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists in this action because Hanover is a citizen of the States of New Hampshire and Massachusetts, while the Defendants are all citizens of the State of California. Defendants have not answered the jurisdiction allegations in the Complaint, having instead filed a Motion to Dismiss or, in the Alternative, Stay pursuant to Fed.R.Civ.P. 12(b)(1). All parties have been served.

2. <u>Facts</u>

The dispute in this declaratory relief action involves a claim for insurance benefits arising out of an underlying putative class action lawsuit filed in the Superior Court for the State of California, County of Contra Costa under the caption, *Spracher v. Paul M. Zagaris, et al.*, case no. C 15-02030 ("Class Action Lawsuit"). The plaintiffs in the Class Action Lawsuit seek to recover for the defendants' alleged breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties, violation of California Civil Code § 1710(3), violation of California Bus. & Prof. Code § 17200, constructive fraud, unjust enrichment, civil conspiracy, and for an accounting out of the alleged wrongdoing.

**Hanover's Position:**

Specifically, the plaintiffs in the Class Action Lawsuit allege that Defendants earned secret profits and/or kickbacks on NHD reports while acting as real estate agents for the plaintiffs and other members for the Class. Specifically, the Complaint in the Class Action Lawsuit alleges that had they been advised of the undisclosed and secret compensation relating to Valley NHD reports, the plaintiffs and the class would have considered such information material in deciding whether

to follow their brokers' recommendation and would naturally question whether the broker was recommending the service provider due to the payments received by the broker as opposed to based on the merits and qualifications of the service provider.

The Class Action Complaint alleges that the Defendants' conduct was an "unfair" business practice under California Bus. & Prof. Code § 17200 "because it amounts to a conduct that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious" to clients.  Specifically, the Class Action Complaint alleges that Defendants' conduct was an "unfair" business practice because: (a) the receipt of undisclosed payments breached the Defendants' fiduciary duties of utmost good faith, honesty and loyalty; (b) Cal. Bus. & Prof. Code § 10176(g) prohibits "secret or undisclosed amounts of compensation, commission, or profit or the failure of a licensee to reveal to the employer of the licensee the full amount of the licensee's compensation, commission, or profit"; (c) Cal. Bus. & Prof. Code § 10176(a) prohibits the making of any "substantial misrepresentation," including failing to disclose the amount and source of compensation from a lender in connection with the securing of financing for the transaction; (d) Cal. Bus. & Prof. Code § 10176(i) prohibits "fraud or dishonest dealing"; and (e) defendants' conduct violated California Civil Code § 1710(3); (f) defendants' conduct constituted constructive fraud; (g) defendants' conduct violated California Civil Code § 1103.7, which requires real estate agents to either make natural hazard disclosures to their clients or provide a report from an expert regarding natural hazards affecting the client's real property; (h) choosing a NHD company based on the fact that the company has agreed to pay a kickback, rather than because it is the best NHD company, is the epitome of bad faith and self-dealing by a real estate agent.

Hanover contends that the allegations in the Class Action Complaint trigger the application of Exclusion 11 of the Hanover Professionals Advantage Portfolio Policy it issued to Paul M. Zagaris, Inc., which provides:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

This **policy** does not apply to **claim(s)**

**11.** arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws….

Specifically, Hanover contends that Defendants' conduct alleged in the Class Action Complaint constitutes "unfair competition", "restraint of trade", "unfair or deceptive business practices" and "violations of any local, state or federal consumer protection laws" and, therefore, is excluded under Exclusion 11, precluding any duty to defend or indemnify by Hanover.

Hanover contends that none of the relevant facts are in dispute, since the relevant facts are limited to the allegations set forth in the Class Action Complaint and the provisions in the Hanover Policy.

**Defendants' Position:**

Defendants contend that Hanover has accepted the defense of the underlying class action, and owes a duty to defend each of the Defendants completely for the entire action. The Policy covers, among other things, Defendants' liability for claims "arising from a wrongful act in the rendering or failure to render professional services," and provides that Hanover shall have the "exclusive right to defend any claim made under this policy, even if the allegations are groundless, false or fraudulent until there is a final adjudication against you." Dkt. 1, Exh. B, p. 47-48. The underlying plaintiffs allege that Defendants failed to disclose that they had a financial interest in a Natural Hazard Disclosure (NHD) company, and improperly obtained profits from real estate transactions where they acted as brokers. See Dkt. 1, Complaint at p. 3, ¶ 19, and Exh. A. Defendants were sued in the underlying class action for alleged wrongdoing in connection with the services they provided as real

4810-5271-9154.1                    4
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:16-CV-01099-WHA

estate brokers, including breaches of fiduciary duties.

Furthermore, the Policy provides, by endorsement, that coverage for claims arising out of or related to intentional, dishonest, or fraudulent acts or omissions, or gaining profits or advantages to which the insured is not legally entitled, is only excluded in the event that there is a final adjudication against each insured on those issues. "Real Estate Professionals Endorsement", Dkt. 1, Exh. B, p. 75. The Underlying Action specifically alleges that "Unbeknownst to Plaintiffs and the Class members, PMZ received undisclosed secret profits, commissions, or kickbacks" in breach of its fiduciary duty to disclose. Dkt. 1, Exh. B, ¶¶ 10, 18, 29. The allegations of intentional or fraudulent omissions (failures to disclose) and obtaining illegal profits directly fall within the language of the Endorsement, and therefore Hanover clearly has a duty to defend these claims.

3.  Legal Issues

**Hanover's Position:**

Hanover contends that Exclusion 11 applies, because all of the allegations in the Class Action Complaint constitute "unfair competition", "restraint of trade", "unfair or deceptive business practices" and "violations of any local, state or federal consumer protection laws" and, therefore, is excluded under Exclusion 11, precluding any duty to defend or indemnify by Hanover. *See Bears v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134, 1147 (business practice is unfair or deceptive if the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition"). Hanover contends that the phrase "arising out of" is interpreted very broadly, even in exclusions. *Jon Davler, Inc. v. Arch Ins. Co.* (2009) 229 Cal.App.4th 1025, 1035. Hanover further contends that the exclusion

applies regardless of the legal theories alleged, because the conduct alleged falls within the excluded risk. *Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co.* (1996) 42 Cal.App.4th 121, 128 n. 4.

**Defendants' Position**:

Defendants contend that, despite the allegations of unfair business practices, and/or statutory violations, the allegations in the underlying class action for breach of fiduciary duties, aiding and abetting breaches, and constructive fraud give rise to a duty to defend because these are independent claims not based on any finding of unfair or deceptive business practices, etc. Even if Exclusion 11 and the Real Estate Professionals Endorsement are inconsistent, the rules of policy interpretation dictate that Exclusion 11 be interpreted strictly against the insurer, and that the exception to Exclusion 1 in the Endorsement be interpreted broadly in favor of coverage. Delgado v. Heritage Life Ins. Co., 157 Cal. App. 3d 262, 271(1984); National Union Fire Ins. Co. v. Lynette C., 228 Cal. App. 3d 1073, 1082 (1991). Moreover, endorsements trump contradictory language in the standard policy form. Aerojet-Gen. Corp. v. Transp. Indem. Co., 17 Cal. 4th 38, 50 (1997), as modified on denial of reh'g (Mar. 11, 1998); see also Continental Cas. Co. v. Phoenix Constr. Co., 46 Cal. 2d 423, 431 (1956).

As such, Hanover's interpretation of the exclusion is inconsistent with the reasonable expectations of the insureds, and is so broad as to render coverage illusory. For all of these reasons, Hanover will not be able to estabolish that it has no duty to defend.

Defendants have filed a motion to dismiss or, in the alternative, stay this coverage action due to the prejudice to Defendants. The present case is the type of a "classic situation" where coverage is dependent on issues of intent or illegality, to be adjudicated in the underlying action, which creates the obvious potential that the

insurer's proof will prejudice the insured. Montrose Chemical Corp. v. Sup. Ct., 6 Cal. 4th 287, 302 (1993) (Montrose I); see also Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir.1998) (en banc); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). As such, Hanover should not be permitted to proceed with its declaratory relief claim until the underlying case is resolved.

4. Motions

Defendants have filed a Motion to Dismiss, or in the Alternative, Stay, which has been fully briefed and is scheduled for hearing on June 22, 2016. Plaintiff intends to file a Motion for Judgment on the Pleadings.

5. Amendment of Pleadings

The parties do not anticipate adding or dismissing any parties, claims or defenses, but propose a deadline of December 22, 2016 for amending the pleadings.

6. Evidence Preservation

The undersigned attorneys certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve the evidence relevant to the issues reasonably evidence in this action.

7. Disclosures

Defendants object to providing initial disclosures in advance of a ruling on the motion to dismiss or stay, and reserve the right to limit disclosures and discovery that might compromise the defense of the underlying litigation. Fed. R. Civ. Proc. 26(a)(1)(C) provides:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by

> stipulation or court order, *or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan*. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(emphasis added.) Many facts in this coverage action may overlap with facts alleged in the underlying action, in which discovery has not yet commenced and the pleadings are not even finalized. To the extent that disclosure of detailed information in this coverage action may jeopardize Defendants' defense in the underlying action, Defendants wish to preserve their objections to the disclosure of such information during the pendency of the underlying action. For example, in order to determine Hanover's duty to defend, Defendants may wish to rely on reports of underlying defense counsel; these communications, however, are privileged and protected and would be prejudicial to disclose during the pendency of the underlying case.

Defendants request an extension of the time to exchange initial disclosures until 21 days after entry of a ruling on the pending motion to dismiss or stay, if appropriate.

8.   Discovery

**Defendants' Objections to Discovery.**

Defendants object to disclosing, responding, or producing any information which may prejudice their defense in the Underlying Action for the reasons more fully set out in the pending Motion to Dismiss or Stay. In addition, Defendants have not yet generally appeared in this action. Accordingly, Defendants object to providing initial disclosures, proceeding with discovery, or setting a discovery plan until after a ruling on the Motion to Dismiss or Stay. Defendants raise these objections in this discovery plan pursuant to Fed.R.Civ.Proc. 26(a)(1)(C). Defendant will meet and confer

regarding an appropriate discovery plan, if called for, following a ruling on the pending motion to dismiss or stay.

9. <u>Class Actions</u>

N/A

10. <u>Related Cases</u>

Pursuant to the parties' understanding of "related cases," there are no "related cases." To the extent the Class Action Lawsuit is "related," see Paragraph 2, above, for the description of that action.

11. <u>Relief</u>

N/A

12. <u>Settlement and ADR</u>

Because of the nature of this dispute, Plaintiff does not anticipate settlement of this action and does not believe that ADR will be effective at this time. Nonetheless, in compliance with local rules, Plaintiff proposes a settlement conference with a magistrate in this matter. Defendants propose private mediation. The parties have requested a teleconference with ADR.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties do not believe at this time that the issues can be narrowed by agreement or by motion. The parties have not agreed yet on any other specific suggestions to expedite the presentation of evidence at trial, but will re-visit this issue as this case progresses.

16. <u>Expedited Trial Procedure</u>

This is not the type of case that can be handled under the Expedited Trial Proceure of General Order 64, Attachment A.

17. <u>Scheduling</u>

Based on Defendants' pending motion to dismiss or stay, Defendants do not believe it is appropriate to set a trial date or other deadlines at this time. Defendants will meet and confer regarding setting a trial date, if appropriate, after a ruling on the motion to dismiss or stay.

18. <u>Trial</u>

Defendants have requested a jury trial. Assuming the trial is limited to the duty to defend and reimbursement of defense costs, the parties anticipate the trial to take 7-10 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, the undersigned attorneys certify that the following listed persons, associates of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff:

    a.    Plaintiff, Hanover Insurance Company, is wholly owned by Opus Investment Management, Inc., which is wholly owned by The Hanover Insurance Group, Inc.

Defendants:

    a.    Michael P. Zagaris

    b.    Paula Zagaris Leffler

    c.    Adam M. Zagaris

    d.    Steven J. Zagaris

    e.    Libby Z. Leffler

    f.    Duke Z. Leffler

    g.    Hilary Z. Leffler

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None.

DATED: June 16, 2016

PERRY M. SHORRIS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Perry M. Shorris*
    Perry M. Shorris
    Attorneys for Hanover Insurance Company

BARRON L. WEINSTEIN
MEREDITH, WEINSTEIN & NUMBERS, LLP

By: */s/ Shanti Eagle*
    Shanti Eagle
    Attorneys for Defendants
    Paul M. Zagaris, Inc., Jon Paul Zagaris, Karrie Goold, Danielle Hardcastle, Esther Gutierrez, Fred Oshtory, And Michael Dutra

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28