IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANOVER INSURANCE COMPANY,

    Plaintiff,

v.

PAUL M. ZAGARIS, INC., a California corporation, JON PAUL ZAGARIS, KARRIE GOOLD, DANIELLE HARDCASTLE, ESTHER GUTIERREZ, FRED OSHTORY, and MICHAEL P. DUTRA,

    Defendants.

No. C 16-01099 WHA

**ORDER DENYING MOTION TO STAY OR DISMISS AND REFERRAL TO MAGISTRATE JUDGE FOR MEDIATION**

## INTRODUCTION

In this action seeking declaratory judgment regarding insurance coverage, insureds move to dismiss this claim or, in the alternative, stay until an underlying putative class action is resolved. For the reasons set forth below, the motion is **DENIED**.

## STATEMENT

Plaintiff Hanover Insurance Company issued a "Miscellaneous Professional Liability Policy" to a real estate brokerage company for a year-long period beginning in July 2015. Here, defendants are insureds under this policy, consisting of real estate brokerage company Zagaris, Inc., John Paul Zagaris the managing broker, and several real estate agents named party to the underlying class action.

The insurance policy provided defense coverage and a three-million dollar limit of liability for claims, subject to a deductible of one hundred thousand dollars. The policy's defense provision stated (Compl., Exh. B at 73):

> We have the right to investigate and a duty to defend any claim made under this policy, even if the allegations are groundless, false or fraudulent until there is a final adjudication against you. If a claim is not covered under this policy, we will have no duty to defend it.

In a separate provision of the policy titled "EXCLUSIONS - WHAT THIS POLICY DOES NOT INSURE" the policy excluded (*id.* at 51–52):

> claim(s) . . . arising out of false advertising, misrepresentation in advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws.

In November 2015, a group of California residents sued insureds in a separate action in Contra Costa County Superior Court in *Spracher, et al., v. Zagaris*, Case No. CIVMSC15-02030. The *Spracher* plaintiffs were consumers of insureds' brokerage services and claimed that during the sale of their residential homes, insureds sold them "Natural Hazard Disclosure" reports in connection with the brokerage services. The plaintiffs alleged that these "Natural Hazard Disclosure" reports were sold as part of a secret scheme in which insureds received undisclosed commissions from a third party for each report sold. Those plaintiffs also alleged that insureds misrepresented the source of the reports to further conceal the kick-back scheme. As a result, the plaintiffs in *Spracher* alleged the following: (1) breaches of fiduciary duties; (2) aiding and abetting breaches of fiduciary duties; (3) violation of California Civil Code Section 1710(3); (4) violation of the California Unfair Competition Law; (5) constructive fraud; (6) unjust enrichment; (7) civil conspiracy; (8) accounting.

In March 2016, Hanover filed the instant case here in federal district court in San Francisco seeking declaratory judgment. Hanover argues that it has no duty to defend or indemnify insureds and that it is entitled to reimbursement of the defense costs already incurred because the *Spracher* claims are excluded from the policy (Compl. ¶¶ 5–6). Insureds concede that if the underlying action arises from an unfair or deceptive business act then it falls within the meaning of the exclusion, but contends that the exclusion may not apply until there is final

2

1 adjudication of the underlying action. Insureds move to dismiss pursuant to Rule 12(b)(1) for
2 lack of subject-matter jurisdiction, or, in the alternative, to stay the case pending resolution of
3 the underlying class action. This order follows full briefing and oral argument.

**ANALYSIS**

This order first addresses insureds' argument that subject-matter jurisdiction is lacking. It then turns to insureds' motion to stay.

### 1. SUBJECT-MATTER JURISDICTION.

Pursuant to 28 U.S.C. 1332(a)(1), diversity jurisdiction exists when parties have diversity of citizenship and the amount in controversy exceeds $75,000. In declaratory judgment actions, the amount in controversy requirement is measured by "the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). A declaratory judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against a single defendant. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997). So the amount in controversy is the value of the underlying potential class action. *Id.* at 1473. Here, where an insurance policy has a one hundred thousand dollar deductible, the value of the underlying action and defense costs must exceed $175,000 in order to meet the jurisdictional minimum because Hanover is only liable, if at all, for defense costs exceeding the deductible.

Both sides agree that complete diversity exists, but insureds contend that Hanover has not met the amount in controversy. The amount in controversy requirement is generally determined by the amount claimed in the complaint, and this amount controls if the complaint was made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). When a contract provides for attorney's fees — as in defense coverage policies — determining the amount in controversy includes such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Nonetheless, a district court is justified in dismissing the action where it appears to a legal certainty that the actual claim is less than the jurisdictional minimum. *See Naffe v. Frey*, 789 F.3d 1030, 1039–1040 (9th Cir. 2015).

Here, it is not legally certain that Hanover's claim is less than the jurisdictional amount. Insureds claim that defense costs have yet to exceed the hundred thousand deductible and that

3

it is unlikely that they will. According to insureds, the total damages in the underlying action will not amount to more than $48,950 because the transaction costs in the events from which the underlying lawsuit arose were "relatively small" (Defs.' Mtn. ¶¶ 7–10). Though insureds dispute its likelihood, it remains plausible that the cost of liability will exceed $175,000. Given that the underlying lawsuit is a class action that potentially includes attorney's fees, this order cannot foreclose the possibility as a matter of legal certainty that Hanover's liability for defense costs in the underlying suit will exceed the jurisdictional minimum. Thus, dismissal under Rule 12(b)(1) for lack of diversity jurisdiction is not warranted.

### 2. STAY.

In a claim for declaratory relief, determining whether to stay or dismiss is a discretionary question for the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (*en banc*).

In *Dizol*, our court of appeals held that in a case such as this, where an insurer sues its insured for a declaratory judgment of no coverage, a court should consider factors from *Brillhart v. Excess Ins. Co. Of America*, 316 U.S. 491 (1942), and *American States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994), in evaluating whether a stay is appropriate. The *Brillhart* factors include avoiding duplicative litigation, avoiding needless determination of state law issues, and avoiding forum shopping. Though the *Brillhart* factors remain the "philosophic touchstone" for the district court, a court may consider the following secondary factors from *Kearns*:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (internal citations omitted); *see Brillhart*, 316 U.S. at 495.

Here, the *Dizol* factors do not favor staying or dismissing the action, as now discussed.

### A. Avoiding Duplicative Litigation.

The most important question for the claim at hand, with respect to the *Dizol* factors, is to what degree this claim invites unnecessary, duplicative litigation. A stay or dismissal is favored if the claim for declaratory judgment is duplicative of the issues being litigated in the underlying liability action. If an insurer seeks a declaratory judgment regarding coverage related to a separate action against insureds, the declaratory action may be stayed "when the coverage question turns on facts to be litigated in the underlying action . . . . By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 302 (1993).

Insureds contend that the exclusion of coverage cited by Hanover does not apply unless final adjudication of the underlying action deems insureds liable for unfair or deceptive business practices. In essence, insureds' argument is that the policy's final adjudication provision creates an overlap of facts that must first be decided in the underlying class action before a decision can be made about the immediate insurance coverage claim. Not so. The issue of consequence in the underlying lawsuit is whether or not the allegations in the complaint therein are true. This is logically unrelated to whether or not the policy's exclusion requires final adjudication to preclude Hanover's duty to defend. Stated differently, the determination of coverage turns on an interpretation of the insurance policy compared to the claims alleged in the underlying complaint — whether insureds are excluded from coverage based on the existence of the underlying action or whether the policy requires final adjudication before the exclusion can apply. It does not turn on the truth of the allegations in the underlying action.

Insureds also argue that the policy, "unambiguously provides, at minimum, a duty to defend against the breach of fiduciary duty, aiding and abetting, and constructive fraud causes of action, even if the same facts also support potentially excluded claims" (Defs.' Reply 8). It is true that when a complaint states multiple claims, some of which the insurance policy covers and some of which it does not, the insurer is has a duty to cover. *Buss v. Superior Court*, 16 Cal. 4th 35 (1997). Hanover's policy does not expressly exclude breach of fiduciary duty, aiding and

5

abetting, and constructive fraud. Accordingly, insureds have a reasonable view that at least these allegations would warrant coverage to the extent claims of relief are stated. Nevertheless, Hanover has a legitimate interest in determining whether or not it has a duty to provide a defense. Therefore, no harm will be done in determining that issue. It bears repeating that the coverage issue here does not turn on the factual issues to be determined in the underlying action. Thus, determining whether allegations of breach of fiduciary duty, aiding and abetting, and constructive fraud fall under the policy's exclusion is not the same as determining whether those allegations are true.

Finally, insureds contend that staying the coverage claim will protect the insureds from potential prejudice. This is predicated on incorrect argument. Again, Hanover brings suit on the separate issue of whether or not the insurance policy covers claims arising from unfair business practices, not whether the allegations in the underlying action are true. Any findings here will not prejudice the underlying action because they will not speak to whether insureds violated any statutory and common law duties alleged in *Spracher*.

The underlying state court action will not make the findings necessary to determine coverage nor will it resolve whether insureds' insurance policy covers such claims. Thus, the two lawsuits against insureds are not duplicative of the same issue, nor do they prejudice insureds by taking a position on the underlying action. This *Brillhart* factor weighs against abstention.

### B. Avoiding Needless Determination of State Law.

A similar analysis as above follows to determine whether or not the coverage claim will needlessly render judgment on an issue of state law. If the coverage claim necessitates determinations of unsettled issues of state law, a stay or dismissal is favored. *Dizol*, 133 F.3d at 1225. This relates to unsettled issues of law generally, not unsettled issues of fact in the specific claim. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds*, *Dizol*, 133 F.3d at 1226. *Robsac* addressed this issue, finding that when "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court," the federal courts ought to avoid the needless determination of state law. *Ibid.*

6

This *Dizol* factor warrants consideration because "preserving federalism and respecting comity interests is particularly weighty where the state's interest in protecting 'complex state administrative processes from undue federal interference' is at stake, as in the wholly state regulated insurance industry and where the federal interest is minimal because the plaintiff's claim raises only questions of state law." 133 F.3d at 1232.

Hanover's claim certainly presents state law issues involving California insurance coverage, but the issues concerning insurance coverage are not particularly complex or novel. Moreover, proceeding with this claim would not entail parallel litigation of any disputed state law issues because the issues at stake are different. At bar is a determination as to whether or not the exclusion applies before final judgment, while the underlying state court action is a separate civil suit alleging various violations of California statutory and common law duties.

Thus, this factor also weighs against abstention.

### C. Avoiding Forum Shopping.

The typical case of forum shopping involves a plaintiff filing a federal action to "avoid adverse rulings made in state court or to gain tactical advantage from the application of federal court rules." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990). This is not our case.

Insureds argue that Hanover is taking advantage of the availability of federal forum because this action would otherwise be subject to a mandatory stay in state court according to *Montrose*. 6 Cal. 4th at 301. This is not forum shopping. "Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." *First State Ins. Co. v. Callan Associates, Inc.*, 113 F.3d 161, 162 (9th Cir. 1997). As stated above, this action would not be subject to mandatory stay in state court under *Montrose* because it is neither duplicative nor prejudicial. Moreover, Hanover is not a party to the state court action, nor has it filed any other declaratory judgment action. This factor does not weigh in favor of a stay or dismissal.

7

### D. Other *Dizol* Factors.

The principal factors having been discussed, this order will now turn to the secondary factors under *Dizol*. On balance, they do not favor abstention.

*First*, the claim for declaratory relief will not settle any aspect of the underlying controversy. None of the issues involved in insureds' alleged violations will be decided in this federal claim. Only the coverage issues will be conclusively determined in this claim.

*Second*, a declaratory judgment will also clarify legal relations, particularly with respect to whether the insurance policy covers the incidents alleged before final adjudication. *Dizol*, 133 F.3d at 1223 n.2. Hanover is currently responsible for defending the state court action and faces uncertainty over whether it has a burden to defend the state court action and continue to pay fees. If it turns out that insureds are not covered under the insurance policy, this legal relation will be clearly determined.

*Third*, this order finds that this coverage dispute is not commenced with the intent of obtaining a procedural or res judicata advantage because the issue in this action, though related to the state court action, will resolve different factual issues, namely the interpretation of the insurance policy rather than the truth of the allegations in the underlying class action. Thus, no res judicata advantage could be obtained.

*Fourth*, there is no risk of federal-state court entanglement. As stated above, this claim is about the existence of coverage under the policy, not the party's liability for unfair or deceptive business practices. The issues in this claim and the state court action are sufficiently distinct such that no competing factual or legal determinations are likely.

*Fifth* and finally, *Dizol* asks to consider the convenience of the parties and the availability and relative convenience of other remedies. Insureds argue that to proceed with this lawsuit would be uneconomical to the litigants involved. But "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" to justify a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Insureds' "uneconomical" argument is not convincing because its primary inequity concern is that insureds will be "severely prejudiced if both actions proceed simultaneously" (Defs.' Reply 13). As previously discussed, insureds'

fear of prejudice is faintly imagined but cannot be realized. The declaratory judgment would strictly decide the question of whether or not the policy's exclusion applies before final judgment. Because it would not adjudicate on the truth of the *Spracher* allegations, proceeding with judgment would not prejudice insureds in the underlying lawsuit.

This final *Dizol* factor does not overwhelmingly favor insureds. And given that every other *Dizol* factor discussed above weighs against abstention, this order holds that Hanover's claim for declaratory relief ought to continue in order to resolve the coverage question.

## CONCLUSION

For the foregoing reasons, insureds' motion to stay or dismiss is **DENIED**. This case is **REFERRED** to Magistrate Judge Kandis Westmore for mediation with all parties, including plaintiffs from the underlying putative class action.

**IT IS SO ORDERED.**

Dated: June 23, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE